UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
JAMES K. BREDAR
UNITED STATES MAGISTRATE JUDGE
MDD_JKBChambers@mdd.uscourts.gov

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0950 OFFICE
(410) 962-2985 FAX

September 16, 2010

TO ALL COUNSEL OF RECORD

    Subject:  *Leslie R. Ludwig v. Michael J. Astrue, Comm'r of Social Security*
                 Civil Action No.: JKB-09-2728

Dear Counsel:

      On October 21, 2009, the Plaintiff, Ms. Leslie Renee Ludwig, petitioned this Court to review the Social Security Administration's final decision to deny her claim for Disability Insurance Benefits ("DIB"). (ECF No. 1.) I have considered the parties' cross-motions for summary judgment (ECF Nos. 11 & 16), and I find that no hearing is necessary, Local Rule 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3). *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). I am reversing the agency's decision, and I am writing this letter to explain my rationale.

      The Appeals Council denied Ms. Ludwig's request for review (Tr. 1-4), so the decision of the Administrative Law Judge ("ALJ") is the final, reviewable decision of the agency. In his written decision, the ALJ found that Plaintiff had acquired sufficient quarters of coverage to remain insured through June 30, 2010. (Tr. 14.) Ms. Ludwig's benefits application was based upon her claim of disability due to fibromyalgia, chronic fatigue, posttraumatic stress disorder, borderline personality, irritable bowel syndrome, possible "ciratic" arthritis,[1] and depression. (Tr. 121.) The ALJ determined that Plaintiff had severe impairments of affective disorder, anxiety disorder, fibromyalgia, and chronic fatigue syndrome. (Tr. 16.) He further determined that she had irritable bowel syndrome, asthma, and mild degenerative disc disease, but that these were not severe impairments. (Tr. 17.)

      The ALJ found that none of Ms. Ludwig's impairments satisfied the criteria of the Listing of Impairments ("LOI"). (Tr. 17-18). He determined that her residual functional capacity ("RFC") allowed her to perform sedentary work as defined in 20 C.F.R. § 404.1567(a),[2]

---

[1] The Court presumes this is a misspelling of "psoriatic" arthritis.

[2] "Sedentary work" is defined as that which "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools." 20 C.F.R. § 404.1567(a). Further, the regulation notes, "Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." *Id.*

except that "she may need jobs allowing alternating sitting/standing four times per hour; jobs not involving heights or moving machinery; and she is capable of understanding, carrying out, and remembering simple instructions consistent with unskilled work." (Tr. 18.) More precisely, the ALJ opined that Ms. Ludwig retained the RFC "to lift/carry at least 10 pounds, walk and stand for a total of two hours of an eight-hour workday, and sit for six hours of an eight-hour workday." (Tr. 20.) To the extent that Ms. Ludwig's testimony was inconsistent with the RFC, the ALJ concluded that her statements about the intensity, persistence, and limiting effects of her symptoms were not credible. (Tr. 19.) The ALJ said he gave "appropriate weight" to the opinions of the state agency medical and psychological consultants, who expressed their beliefs that Plaintiff had the necessary physical and mental residual functional capacity to perform work. (Tr. 20.) Conversely, the ALJ gave little weight to the opinions of a treating social worker, a treating psychiatrist, and a treating physician that Ms. Ludwig was markedly limited in this regard. (Tr. 20.) Because Plaintiff's past work may have required detailed or complex job tasks, the ALJ found she was unable to perform her past relevant work. (Tr. 21.) However, based on the testimony of a vocational expert that an individual with Ms. Ludwig's RFC would be able to perform several jobs available in the national economy, the ALJ concluded she was not disabled. (Tr. 22.)

Plaintiff has raised seven issues:

1. The ALJ failed to give sufficient weight to the records and opinions of both treating physicians and other treating medical providers.

2. The ALJ did not properly determine Plaintiff's RFC, did not properly evaluate her credibility, and did not include all of her limitations in a question to the vocational expert.

3. The Appeals Council did not give serious consideration to and did not analyze the new and material evidence presented to it.

4. The ALJ did not properly analyze Plaintiff's credibility with regard to her subjective complaints.

5. Defendant should have ruled that degenerative disc disease, borderline personality disorder, spondylosis, bulging discs, and irritable bowel syndrome were severe impairments.

6. The ALJ improperly evaluated Plaintiff's ability to perform daily activities.

7. The ALJ did not include all specific limitations, both exertional and nonexertional, in his questions to the vocational expert.

(Pl.'s Mot. Summ. J. 3-22, ECF No. 11.)

Issue 1:  Treating Providers' Opinions

Plaintiff has complained that her treating providers' opinions regarding her residual functional capacity were not given controlling weight. (*Id.* at 7.)  Whether an individual is able to work and what an individual's functional capacity is are issues expressly reserved to Defendant.  20 C.F.R. §§ 404.1527(e), 416.927(e).  Accordingly, no special significance is to be given to the source of an opinion on such an issue.  20 C.F.R. §§ 404.1527(e)(3), 416.927(e)(3); SSR 96-5p ("treating source opinions on issues that are reserved to the Commissioner are never entitled to controlling weight or special significance").  Even so, "[i]n evaluating the opinions of medical sources on issues reserved to the Commissioner, the adjudicator must apply the applicable factors in 20 CFR 404.1527(d) and 416.927(d)."  SSR 96-5p.

The ALJ rejected the quite pessimistic RFC assessments of Ms. Ludwig's treating providers because of what he viewed as their inconsistency with the rest of the medical and psychiatric evidence.  (Tr. 20.)  He made specific reference to Exhibits 23F, 59F, 60F, and 61F, but he offered nothing else to illuminate his reasoning.  Mere reference to medical records and saying, conclusionally, that they are inconsistent with treating providers' opinions do not provide sufficient basis for this Court to conclude that the ALJ reached a correct decision.  Under Fourth Circuit precedent, Defendant is required to explicitly indicate the weight given to all of the relevant evidence so that a reviewing court can determine if findings are supported by substantial evidence.  *Gordon v. Schweiker*, 725 F.2d 231, 235-36 (4th Cir. 1984).  *See also Cook v. Heckler*, 783 F. 2d 1168, 1173-74 (4th Cir. 1986) (remanding because, *inter alia*, ALJ failed to explain rationale for determination and, therefore, prevented reviewing court from concluding that ALJ's decision was supported by substantial evidence).  After remand, the ALJ will have an opportunity to engage in a fuller discussion of the providers' opinions and to develop the record for judicial review.

Issue 2:  Credibility Determination

It is within the province of the finder of fact to determine the credibility of witness testimony and the weight to be assigned to it.  *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Hammond v. Heckler*, 765 F.2d 424, 426 (4th Cir. 1985).  Here, the ALJ found Ms. Ludwig not credible based upon the lack of congruence between her testimony and the record evidence.  Specifically, the ALJ noted Plaintiff said that in an average month, she has 27 bad days when she has difficulty taking a shower or going to the mailbox and she has not one day that she could work.  The ALJ could find nothing in the medical records to support such a severe assessment of Ms. Ludwig's abilities and further concluded that her impairments and physical complaints were controlled with treatment and medications.  The Court has reviewed the record and finds substantial evidence to support the credibility determination made by the ALJ.  Because the credibility determination is not in error, the RFC and the hypothetical question posed to the vocational expert based thereon are also not in error.

Issue 3: New Evidence before Appeals Council

Plaintiff argues Defendant committed reversible error because it did not consider and evaluate a new medical record after the ALJ rendered his decision. When the Appeals Council has incorporated additional evidence into the record, a reviewing court must consider the record as a whole, including the new evidence, to determine whether substantial evidence supports the ALJ's findings. *Wilkins v. Secretary, DHHS*, 953 F. 2d 93, 96 (4th Cir. 1991).[3] Evidence is deemed "new" if it is not duplicative or cumulative, and it is considered "material" if a reasonable possibility exists that the new evidence would have changed the outcome. *Id.* The evidence in question is a lumbar spine MRI dated March 6, 2009 (Tr. 865-66), which followed the ALJ's decision by a month. Plaintiff fails to explain how this evidence is either new or material, given the great quantity of medical records in the case and especially given the record's inclusion of a lumbar spine MRI from May of 2006 (Tr. 468-69). Moreover, the governing regulation only requires evaluation of new evidence "if it relates to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. § 404.970(b). It is not at all clear that the new record fits within this regulation. This contention has no merit.

Issue 4: Credibility Determination

Plaintiff has advanced an additional claim of error regarding the ALJ's determination of her lack of credibility as to her subjective complaints of pain and fatigue, but the Court cannot discern any appreciable difference between this argument and Ms. Ludwig's earlier assignment of error on the same ground. The ALJ's credibility choice seems to be adequately supported by a statement of reasons and appears to be based upon substantial evidence in the record.

Issue 5: Ruling that Degenerative Disc Disease, Borderline Personality Disorder, Spondylosis, Bulging Discs, and Irritable Bowel Syndrome Were Not Severe Impairments

Ms. Ludwig further faults the ALJ's decision because he did not discuss why the above-listed impairments did not qualify as "severe" impairments and did not discuss their effect on her ability to work. Defendant's shortcoming in this regard is similar to the prior error of the ALJ in failing to explain his rejection of treating providers' opinions. No explanation is given as to why these impairments were considered not severe or why they had no more than a minimal effect on Plaintiff's capacity for work. Thus, on remand, the ALJ must address this issue in a manner that affords the Court a detailed basis for judicial review.

---

[3] Although Plaintiff has suggested otherwise, *Wilkins* does not require an automatic remand "whenever the Appeals Council fails to explain how it evaluated new evidence presented to it, regardless of whether this evidence could have changed the outcome when considered with the evidence produced before the ALJ." *Waters v. Astrue*, 495 F. Supp. 2d 512, 514 (D. Md. 2007).

### Issue 6:  Evaluation of Plaintiff's Ability to Perform Activities of Daily Living

Plaintiff complains that the ALJ did not accurately set forth her activities of daily living ("ADL") and did not properly apply the law to them.  Because this case is being remanded, the ALJ will have an opportunity to expound further upon Plaintiff's ADLs and how they relate to the record evidence and the RFC assessment.

### Issue 7:  Hypothetical Posed to Vocational Expert

Ms. Ludwig's last argument is that the hypothetical given by the ALJ to the vocational expert did not incorporate the limitations reflected in her treating providers' opinions as well as Ms. Ludwig's testimony at the administrative hearing.  This contention is necessarily premised upon the earlier contentions that the ALJ should not have rejected the treating providers' opinions and that the ALJ's credibility choice was in error.  The former issue is one to be addressed by Defendant on remand.  The latter has been found by this Court to be without merit.

### Conclusion

For the foregoing reasons, the Court will enter a separate order REVERSING the agency's decision, DENYING Plaintiff's Motion for Summary Judgment, GRANTING Plaintiff's Motion for Remand, and DENYING Defendant's Motion for Summary Judgment.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed accordingly.

Very truly yours,

/s/

James K. Bredar
United States Magistrate Judge

JKB/jh